United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-41179
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GREG STODDARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
m 1:05-CR-151

_____

Before SMITH, WIENER, and OWEN,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

Greg Stoddard was convicted by a jury of possession of a firearm in furtherance of a drug trafficking crime and possession of a controlled substance with intent to distribute. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
(continued...)

* (...continued)
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals his conviction, arguing that there was insufficient evidence to sustain the verdict and that the identification procedures used by the police were unduly suggestive.[1]  Finding no error, we affirm.

I.

About 9:30 in the evening, a truck left the side of the road and careened into a tree.  Two witnesses approached the truck and observed its sole occupant emerge in a daze.  Both witnesses inquired as to the driver's health, and one dialed 911.  By the time the police arrived, the driver had wandered away.

Inside the truck, police found a loaded .38 caliber pistol in the glove box, a TEC-9 semi-automatic pistol in the floorboard, a large number of plastic bags, a scale, a grinding machine, and, in the center console, a large amount of crystal methamphetamine, and $1,580 in currency divided up into one-hundred-dollar increments.  Police also found a shirt and a pill bottle with Stoddard's name on them and two notebooks bearing his name and address.

Both witnesses gave an identification of the driver as a white male in his mid-forties with shoulder-length salt and pepper hair, wearing a green tee shirt and blue jeans.  Stoddard was arrested shortly thereafter at a nearby convenience store wearing a green tee shirt and jeans.

---

[1] Stoddard asserts that the court erred by classifying the methamphetamine he was convicted of possessing as "ice."  The sentencing guidelines define "ice" as "d-methamphetamine hydrochloride of at least 80% purity," *see* U.S.S.G. § 2D1.1; the jury, on the special verdict form, found that Stoddard possessed "d-methamphetamine hcl" of at least 80% purity.  "Hcl" is a common chemical abbreviation for hydrochloride, and the jury heard testimony about the abbreviation.  Stoddard's argument is without merit.

The sum of $4,856 was found on his person, packaged in similar hundred-dollar increments.  He was brought to the scene of the accident but disclaimed knowledge of the truck  or the items inscribed with his name.

One of the witnesses encountered Stoddard at the convenience store before the arrest and returned to identify him at the scene.  Another witness encountered Stoddard and an officer later that night at the hospital and positively identified Stoddard a week later from a single-photo display.

Stoddard pleaded not guilty to a three-count indictment and was convicted of one count of firearm possession and one count of possession of methamphetamine with intent to distribute, a third count having been dismissed per government motion.  Stoddard appeals, claiming that the evidence was insufficient as a matter of law on both counts and that the witness identifications should have been suppressed because the police procedures were unduly suggestive.

II.

We first consider Stoddard's evidentiary objection, because the witness identifications were a key part of the government's case in chief.  The district court conducted an identification hearing outside the presence of the jury and ruled that the witnesses could identify Stoddard in their testimony.  "When reviewing a ruling from a pretrial suppression hearing, this Court must give credence to the credibility choices and findings of fact of the district court unless clearly erroneous."  *United States v. Shaw*, 894 F.2d 689, 691 (5th Cir. 1990) (citations omitted).  Admission of evidence is generally reviewed for abuse of discretion. *United States v. Rogers*, 126 F.3d 655, 657 (5th Cir. 1997).

The Due Process Clause forbids the admis-

sion of unreliable identification testimony. *Monson v. Brathwaiter*, 432 U.S. 98, 99, 114 (1977). The admissibility of identification evidence is determined by (1) whether the identification procedure was "unduly suggestive" and (2) whether the procedure posed "a very substantial likelihood of irreparable misidentification." *Rogers*, 126 F.3d at 658. Only if both questions are answered affirmatively do we require suppression. *Id.* We agree with the district court that even if the show-up and the single-photo display were unduly suggestive, the procedures did not pose a "very substantial likelihood of irreparable misidentification."

Courts consider five factors to determine the likelihood of irreparable misidentification: (1) the witness's opportunity to view the suspect at the time of the offense, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the actor, (4) the witness's level of certainty at the confrontation, and (5) the length of time between the crime and the confrontation. *Neal v. Biggers*, 409 U.S. 188, 199 (1972). In this case, all five factors favor the identification's reliability.

Although the accident happened at night, there was no testimony that it was too dark to see and the light was sufficient for both witnesses to provide descriptions of the suspect. Both witnesses spoke with the suspect directly, immediately after witnessing a significant crash. Their prior descriptions proved accurate. Neither witness suggested that they were uncertain of the identification. One witness identified Stoddard the night of the accident, after seeing him twice; the other identified him only a week later, again having seen him twice. The district court did not abuse its discretion by admitting the identifications.

## III.

Where, as here, the defendant moved for judgment of acquittal at the close of the evidence, we decide whether the evidence is sufficient by "viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict" and determining whether "a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir. 1992). The jury has the sole responsibility for weighing the evidence and making credibility determinations. *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir.1995). "It is not necessary that the evidence exclude every rational hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided a reasonable trier of fact could find the evidence establishes guilt beyond a reasonable doubt." *Pruneda-Gonzalez*, 953 F.2d at 193. "However, we must reverse a conviction if the evidence construed in favor of the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged."[2]

Stoddard argues that the evidence is insufficient to demonstrate that he possessed the methamphetamine. The prosecution relied on a constructive possession theory, arguing that Stoddard maintained dominion or control over the vehicle in which the contraband was concealed. *See United States v. Wright*, 24 F.3d 732, 734 (5th Cir. 1994). The government brought forth evidence that Stoddard had borrowed the car and was its sole occupant when it hit a tree carrying large amounts of methamphetamine. He fled the scene and later dis-

---

[2] *Jaramillo*, 42 F.3d at 923; *see also United States v. Gonzales*, 436 F.3d 560, 571 (5th Cir. 2006), *cert. denied*, 126 S. Ct. 2045 (2006), *and cert. denied*, 126 S. Ct. 2362 (2006), *and cert. denied*, 126 S. Ct. 2363 (2006).

claimed any knowledge about the truck, despite the presence of items in it bearing his name.

We have rejected a constructive possession theory based on control of a vehicle where a passenger in the vehicle may have actually possessed the contraband. *Id.* at 735. Here, there was no evidence of joint occupation on the night in question, and Stoddard's flight and later disavowal of the vehicle are consistent with knowledge of the car's illegal contents. The evidence was sufficient for a reasonable fact-finder to find beyond a reasonable doubt that Stoddard possessed the drugs.

Stoddard contends that the evidence is insufficient to demonstrate that he possessed the drugs with intent to distribute. He was arrested in possession of a large quantity of drugs, valued at nearly twenty thousand dollars, and large amounts of currency packaged in small amounts. In close proximity was drug distribution paraphernalia, including a scale and a grinder. The government produced sufficient evidence to demonstrate intent to distribute. *See, e.g., United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995).

Stoddard argues that the evidence is insufficient to demonstrate that he possessed a firearm in furtherance of a drug trafficking crime. "The mere presence of a firearm at the scene of drug activity does not alone amount to possession in furtherance of that activity." *United States v. Charles*, 469 F.3d 402, 406 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 1505 (2007). In assessing whether a firearm is possessed in furtherance of drug activity, relevant factors include, *inter alia*, the type of drug activity, the accessibility of the firearm, the type of weapon, whether the weapon is loaded, the proximity of the weapon to drugs or drug profits, and the time and circumstances in which the gun is found. *Id.*

The evidence demonstrates that Stoddard engaged in sales from his vehicle (he had no local address), and a loaded semi-automatic pistol was found late at night under the floorboard of his car in close proximity to drugs, cash, and distribution paraphernalia. A rational fact-finder could find beyond a reasonable doubt that Stoddard possessed the gun in furtherance of a drug trafficking crime.

The judgment is AFFIRMED.